UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.  Cr. No. 05-319  (JMF)

NENE FALL KARERI,

Defendant.

## DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that the defendant be detained pending trial. After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

## FINDINGS OF FACT

1. On September 2, 2004, the United States filed a civil forfeiture complaint *in rem* against a parcel of land located at 11310 South Glen Road, Potomac, Maryland and owned by defendant and her husband. The action was filed in the United States District Court for the District of Columbia

2. On September 29, 2004, the Court issued a warrant of arrest *in rem* against the property.

3. The Kareri's were notified that a civil forfeiture action had been filed against the property and that a lis pendens had been filed withe Montgomery County Land

Records.

4. On October 15, 2004 the Kareri's filed separate statements with the court indicating their co-ownership of the property.

5. On January 10, 2005, the Kareri's jointly moved to have the civil forfeiture case stayed pending the outcome of the Kareri's separate criminal investigations into their activities.

6. On May 6, 2005, they sold the property for $1,075,000. At the closing the Kareri's requested a check for the proceeds of the sale of the property and left the closing with a check in the amount of $999,315.62. They then deposited the check into a bank account at Provident Bank. Later that same day, Defendant's husband phoned Universal Title to let them know that the bank indicated they would have to put a five or six day hold on the check. Defendant's husband indicated that the proceeds were needed for a purchase outside the country, and asked to have the money returned to him.

7. Provident Bank therefore issued a check for $999,315.62 which the Kareri's took back to Universal Title that same day.

8. As per the Kareri's instructions, Universal Title transferred the funds to the Kareri's Citibank account. The Kareri's then transferred the funds to their account in Luxembourg.

9. On May 9, 2005, defendant traveled to Luxembourg to secure the wire transfer. She returned to the United States on May 11, 2005.

**REASONS FOR DETENTION**

An examination of the factors required to be considered by 18 U.S.C. section 3142(g) compels the conclusion that there is a preponderance of evidence that defendant's release on any condition or combination of conditions will not reasonably assure her appearance as required and their detention is, therefore, appropriate.

### The Statutory Standard

Defendants who are determined to present a serious risk of flight may be detained pursuant to 18 U.S.C. section (f)(2)(A). If there is no condition or combination of conditions that will reasonably assure the appearance of the defendant as required, detention is appropriate. 18 U.S.C. § (e).

In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer is to consider:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2. The weight of the evidence;

3. The history and characteristics of the person, including

   a. His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

   b. Past conduct, history relating to drug or alcohol abuse;

   c. Criminal history;

   d. Record concerning appearance at court proceedings;

   e. Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or

completion of sentence for an offense under Federal, State or local law;

4. The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142.

An examination of these factors compels the conclusion that there is a preponderance of evidence[1] that release on any condition or combination of conditions will not reasonably assure her appearance as required and her detention is, therefore, appropriate.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.** Defendant was charged with attempting to defeat this Court's in rem jurisdiction over property that was subject to an ongoing civil forfeiture proceeding. This is not a crime of violence and does not involve narcotic drugs.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.** Kareri is a fourteen year resident of the DC area. She is married and lives with her husband and three children. She has been employed for the past two and a half years as a translator/reviewer.

**The weight of the evidence.** The weight of the evidence is substantial. The sale of Kareri's property and the financial transactions that followed are well documented. That the Kareri's were aware of the claims pending against them at the time that they sold their property is evidenced by the fact of their filings in the civil forfeiture action. Furthermore, defendant's trip to Luxembourg was clearly intended for the sole purpose of securing the funds in the Kareri's overseas account.

---

[1] See United States v. Xulam, 84 F.3d 441, 442 (D.C. Cir. 1996).

4

**History relating to drug or alcohol abuse.** There is no evidence of drug or alcohol abuse.

**Record concerning appearance at court proceedings and prior criminal record.** There is no evidence of a prior criminal record.

**Whether on probation or parole at the time of the present offense.** Defendant was neither on probation nor parole at the time of the alleged present offense.

## CONCLUSION

A weighing of all the pertinent facts compels the conclusion that the defendant should be detained pending trial. I am confronted with a brazen defeat of this Court's jurisdiction by the taking and spiriting away of nearly one million dollars to a foreign bank. The defendants' actions are consistent only with an intent to get the money paid to them and out of the country as soon as possible to defeat this Court's in rem jurisdiction. This defendant's involvement was crucial to the accomplishment of that goal. She made a quick trip to Luxembourg for the obvious purpose of arranging for the money to be deposited in a Luxembourg account. There is not even a suggestion that her trip had any other purpose. Most remarkably, neither this defendant nor her husband have taken or expressed any intention to take dispositive action to restore the money to this Court's jurisdiction even though they could easily do so and still claim entitlement to it despite the government's demand. Thus, they stand before the very court whose jurisdiction they tried to defeat, having deposited $950,000 that should be in this Court's registry, in a foreign bank and ask that the same court trust them to return to court. They have shown the utmost contempt for the court's processes and their word is worthless. I would be an awful fool to trust them. I will not. Accordingly, I find by clear and convincing

evidence that there are no conditions or combination of conditions I could set which would reasonably assure this defendant's appearance as required. I will, therefore, order the defendant detained without bond pending trial.

/s/ John M. Facciola
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

June 3, 2005