UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal No. 05-212 (RMU) |
| | : | |
| SIMON P. KARERI and | : | |
| NDEYE NENE FALL KARERI, | : | |
| | : | |
| Defendants. | : | |

GOVERNMENT'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF ITS MOTION TO REPATRIATE ASSETS

BACKGROUND

The United States of America, by and through the United States Attorney for the District of Columbia, has moved this Court to order the defendants, Simon P. Kareri and Nene Fall Kareri, either individually or jointly, to repatriate the entire contents of a specific bank account, identified as xxxxxxxxxxxxxxxx9100 and maintained in Banque Generale du Luxembourg, in Luxembourg.[1]  The contents of that bank account represent the proceeds of a sales transaction for a parcel of property that was under Court process pursuant to a warrant of arrest *in rem* issued by this Court.  Defendant Ndeye Nene Fall Kareri has authorized the government to represent that she does not oppose the entry of the order sought in this is motion.

Repatriation orders, expressly authorized by 21 U.S.C. § 853(e)(4), enable federal courts

---

[1] Because this motion is not being filed under seal, and because of privacy considerations, the United States has not included the complete account number in this motion.  Should this Court grant the United States' motion to repatriate, the process of repatriation will be accomplished by this Court instructing the defendants, either individually or jointly, to execute a notarized letter to Banque Generale du Luxembourg authorizing and instructing the bank to transfer the entirety of the funds in account No. xxxxxxxxxxxxxxxx9100 to an account so designated by this Court.  At that time, the United States will disclose the entire account number.

to order defendants to repatriate or retrieve assets that defendants have intentionally placed beyond the jurisdictional boundaries of the courts. For the reasons stated below, the Government requests that this Court order the defendants to repatriate, forthwith, the contents of the bank account identified herein and deposit the entirety of those assets in the registry of this Court (or to surrender such assets to the United States Marshals Service) until further order of this Court. In addition, the United States requests that the defendants be compelled to repatriate and/or disgorge all of the funds that they acquired through the sale of the defendant property, regardless of where such funds are located. Specifically, we ask this Court to order the defendants to return to the jurisdiction of the Court the balance of the funds that they received through the sale of the defendant real property, including any funds that were not transferred to Banque Generale du Luxembourg.

**FACTS**

On September 2, 2004, the United States Attorney for the District of Columbia filed a Complaint for civil forfeiture, *in rem*, against a certain parcel of real property, identified as Lot No. 7 of Estate Glen, Montgomery County, Maryland. As stated in the Government's Complaint, the forfeiture action was based on a multi-faceted bank fraud scheme perpetrated by Simon Kareri within the context of his employment as a Vice-President of Riggs Bank. As alleged in the Complaint, Kareri was aided by his wife, Nene Fall Kareri, in, among other things, laundering the fraudulently-obtained money. The Complaint also alleges that the Kareris used the fraudulently-obtained proceeds to purchase Lot No. 7, referenced above.

The United States served copies of the summons, complaint and warrant of arrest *in rem* on both Simon Kareri and Nene Fall Kareri. In response to those filings, both Kareris filed

separate claims to the defendant real property on October 15, 2004. Thereafter, both Kareris, through their respective counsel, moved to stay the civil forfeiture action pending resolution of the criminal investigation.[2]

The Kareris, knowing that the defendant real property was under this Court's process, sold it on May 6, 2005.

The Kareris sold the defendant property for one million seventy-five thousand dollars ($1,075,000.00), of which they received approximately nine hundred ninety-nine thousand dollars ($999,000.00) at closing. (The remainder was, presumably, used to pay closing and settlement costs associated with the transaction.) They promptly transferred all of those funds into a Citibank account maintained in the name of Simon and Nene Fall Kareri. On May 9, 2005, Nene Fall Kareri traveled to Luxembourg and opened an account at Banque Generale du Luxembourg. On that same date, the Kareris transferred $950,000.00 from their Citibank account into the account at the Luxembourg bank.

On about May 26, 2005, the Kareris were arrested and charged with fraud, conspiracy, and money laundering. Subsequently, they were indicted for those offenses and also for unlawful destruction or removal of property to prevent its forfeiture under 18 U.S.C. section 2232(b).

## ARGUMENT

Title 18 U.S.C. § 982(b)(1)(A), incorporates the forfeiture provision of 21 U.S.C. § 853(e)(4)(A) which authorizes a Court to order a defendant to repatriate any asset that is

---

[2]Such stays are expressly authorized by 18 U.S.C. § 981(g). The stay does not terminate the civil litigation, but merely places such litigation in abeyance pending the outcome of the related criminal matter. Application of the statute does not act to annul or diminish the effect of the warrant of arrest *in rem*. See generally United States v. All Funds Deposited, 162 F. Supp. 2d 1325 (D. Wyo. 2001).

subject to seizure and forfeiture and deposit that property in the registry of the Court. Section (e)(4)(A) reads, in pertinent part:

> Pursuant to its authority to enter a pretrial order under this section, the court may order a defendant to repatriate any property that may be seized and forfeited and to deposit that property into the registry of the court, or with the United States Marshals Service . . . [3]

The plain language of the statute provides clear authority for this Court to order the Kareris to return the funds in the Luxembourg bank account to the registry of this Court. As noted above, the funds contained in that account are the proceeds of the sale of real property that was a defendant in the civil forfeiture action and which was under Court process by virtue of a duly-authorized warrant of arrest *in rem*. Moreover, even before section 853(e)(4) was enacted, federal courts recognized their inherent authority to enter any and all orders necessary to preserve property for forfeiture, even if the subject property was located in a foreign country. See United States v. Lopez, 688 F. Supp. 92 (E.D.N.Y. 1988) (defendants ordered to execute a release and transfer of foreign funds subject to forfeiture); United States v. Sellers, 848 F. Supp. 73 (E.D. La. 1994) (defendants ordered to repatriate assets held in foreign bank accounts); United States v. Bello, 1988 U.S. Dist. LEXIS 7383 (court required that defendant's accounts, located in Uruguay, be frozen and repatriated pending trial).

In summary, the Kareris' actions in selling the defendant real property at issue in Civil Action No. 04-1525, and, in thereafter sending the money overseas, were designed to defeat the *in rem* jurisdiction of the Court. Not only did the Kareris' actions inflict a significant financial

---

[3]Failure of a defendant to comply with an order to repatriate assets subjects that defendant to civil and criminal contempt sanctions as well as enhancement of that defendant's sentence. 18 U.S.C. § 853(e)(4)(B).

injustice on the United States, those same actions displayed a contumacious disregard for this Court and its processes. We urge this Court to vindicate its authority and, simultaneously, to rehabilitate the *in rem* aspect of the civil forfeiture action by ordering the Kareris, pursuant to section 853(e)(4), to repatriate the entire amount of proceeds from the sale of the real property involved in Civil Action No. 04-1525 to the registry of this Court (or to the custody of the United States Marshals Service) as this Court may invoke in its discretion.

        Respectfully submitted,

        KENNETH L. WAINSTEIN
        UNITED STATES ATTORNEY
        D.C. BAR # 246470

By: _____
     STEVEN J. DURHAM
     ASSISTANT UNITED STATES ATTORNEY
     555 Fourth Street, N.W.
     Room 5836
     Washington, D.C. 20001
     (202) 514-8316