

U.S. Department of Justice

United States Attorney

District of Columbia

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

**SEALED**
**FILED**
AUG 8 - 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

August 4, 2005

<u>*Via Facsimile (703-548-3181)*</u>
Nina Ginsberg, Esquire
908 King Street, #200
Alexandria, VA 22314

Re:   <u>United States v. Ndeye Nene Fall Kareri, Cr. 05-212 (RMU)</u>

Dear Ms. Ginsberg:

This letter sets forth the full and complete plea offer to your client, Ndeye Nene Fall Kareri (Mrs. Kareri). This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This plea offer will expire on <u>Monday, August 8, 2005.</u> Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

1. **Charges**: Mrs. Kareri agrees to plead guilty to Counts 1, 6, 16-18, 20, and 24 of the Grand Jury indictment charging violations of Title 18, United States Code, Sections 371 (conspiracy to commit bank fraud (count 1) and conspiracy to defraud the Internal Revenue Service (count 20)), 1344 (bank fraud (count 6)), 1957 (money laundering (counts 16-18)), and 2232(b) (impairment of in rem jurisdiction (count 24)). It is understood that the guilty plea will be based on a factual admission of guilt to the offenses charged to be made before the Court by Mrs. Kareri and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. Mrs. Kareri agrees that the attached "Statement of the Offense" fairly and accurately describes Mrs. Kareri's actions and involvement in the conspiracy. During the Rule 11 plea hearing, Mrs. Kareri will adopt and sign the Statement of the Offense as a written proffer of evidence. The government will move to dismiss the remaining counts of the Indictment at sentencing. <u>This plea offer is expressly conditioned and contingent upon defendant's charged co-defendant, Simon P. Kareri, entering into a plea agreement with the United States.</u>

2. **Potential penalties, assessments, and restitution**: Mrs. Kareri understands that the maximum consecutive sentence that can be imposed is 75 years imprisonment, a fine of $1,000,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $700 special assessment, a 5-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentence, Mrs. Kareri understands that the sentence to be imposed in this case will be determined in accordance with the guidelines and policies promulgated by the United States Sentencing Guidelines Commission, <u>Guidelines Manual</u> (2004) (hereinafter "Sentencing Guidelines"). Mrs. Kareri understands that this sentence, including the applicable sentencing

guideline range, will be determined solely by the Court, and the government cannot and does not make any promises, representations or predictions regarding what sentence the Court will impose. Mrs. Kareri further understands that if the Court imposes a sentence greater than that provided in the Sentencing Guidelines range as determined by the Court, or which is in any other way unsatisfactory to her, she cannot withdraw her guilty plea. This does not, however, limit Mrs. Kareri's right to appeal an unlawful sentence.

3. **Federal Sentencing Guidelines:** The parties agree that the following Guideline Sections apply:

| | |
|---|---|
| (a) Base Offense Level (2B1.1) | 7 |
| (b) Specific Offense Characteristics | |
|     Loss more than $120,000 | 10 |
| (c) Money Laundering (2S1.1) | 1 |
| (d) Obstruction of Justice (3C1.1) | 2 |
| (e) Minor Participant (3B1.2(b)) | -2 |
| TOTAL | 18 |

Your client agrees not to seek any decreases in your client's base offense level other than those which are agreed to by the Government in this paragraph. Your client further agrees not to seek a downward departure for any reason from the otherwise applicable guideline range established by the Sentencing Guidelines. In the event that this plea offer is either not accepted or is accepted and subsequently withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

The parties agree for the purposes of this plea agreement that all of the offenses to which defendant will plead guilty "group" as that term is defined by the U.S. Sentencing Guidelines.

4. **Financial Arrangements:** Mrs. Kareri agrees that prior to or at the time of the sentencing, she will deliver to the Clerk's Office, United States District Court, a certified check in the amount of $700.00, to cover the special assessment, as required in Title 18, United States Code, Section 3013. Mrs. Kareri also agrees to provide a full and complete accounting of all assets, real or tangible, held by her or in any other name for her benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

5. **Forfeiture:** This agreement does not encompass the forfeiture action filed by the United States against certain property in civil case number 04-1525, presently pending before this Court. The United States and Mrs. Kareri remain free to take any position regarding this action.

6. **Cooperation:** Mrs. Kareri agrees to cooperate completely, candidly, and truthfully in the investigation by this Office and the FBI and the US Secret Service. Specifically, Mrs. Kareri agrees:

a. to provide complete, truthful, and candid disclosure of information and all records, writings, tangible objects, or other requested materials of any kind or description that he has which relate directly or indirectly to the subject of this investigation;

b. to answer completely, truthfully, and candidly all questions put to her by attorneys and law enforcement officials during the course of this investigation;

c. to make herself available for interviews by attorneys and law enforcement officers of the government upon request and reasonable notice;

d. not to attempt to protect any person or entity through false information or omission, nor falsely to implicate any person or entity;

e. not to disclose the fact of or details regarding her cooperation with law enforcement to any person or entity;

f. to comply with any and all reasonable requests from federal government authorities with respect to the specific assistance that he shall provide;

g. to answer, at trial, before the grand jury, or at any hearing arising out of this investigation, all questions put to her by the Court or by the attorney for any party completely, truthfully, and candidly;

h. to submit to any polygraph examinations that the government might request; and,

i. to provide a full and complete accounting of all assets, real or tangible, held by her or in any other name for her benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

7. **Government Concessions:** In exchange for her guilty plea, the government agrees not to oppose Mrs. Kareri's release pending sentencing, agrees not to oppose a 3-level adjustment for acceptance of responsibility pursuant to Sentencing Guidelines, Section 3E1.1(b), agrees not to oppose Mrs. Kareri's request for imposition of a term of imprisonment that is not concurrent with any term of imprisonment imposed on Simon Kareri, and agrees not to oppose Mrs. Kareri's voluntary surrender to commence serving any sentence which is imposed, provided that Mrs. Kareri continues to show her acceptance of responsibility by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for her release by the Court. Also, subject to other paragraphs in this agreement, the United States will not bring any additional criminal charges against Mrs. Kareri in the United States District Court in the District of Columbia or the Superior Court of the District of Columbia for the conduct outlined in the Indictment. This agreement not to prosecute Mrs. Kareri does not extend to federal

or local crimes of violence as those terms are defined in 18 U.S.C. §16 and D.C. § 23-1331(4). It is understood that the United States has no evidence, as of the date of this agreement, of any crimes of violence involving Mrs. Kareri.

8. **Departure Committee:** At the time of Mrs. Kareri sentencing, the United States will advise the sentencing judge and the probation office of the full nature, extent, and value of the cooperation provided by Mrs. Kareri to the United States. In addition, before sentencing, the United States will inform the Departure Committee of the United States Attorney's Office for the District of Columbia of the full nature, extent and value of the cooperation provided by Mrs. Kareri to the United States. If the Departure Committee determines that Mrs. Kareri has provided substantial assistance in the investigation or prosecution of another person or entity that has committed any offense, then this Office will file a motion pursuant to § 5K1.1 of the sentencing guidelines. Mrs. Kareri understands that the determination of whether he has provided "substantial assistance" is within the sole discretion of the United States Attorney for the District of Columbia. Mrs. Kareri further understands that the failure of this Office to file a "substantial assistance" departure motion is not a ground for her to move to withdraw her plea of guilty in this case.

9. **Court is not bound:** Mrs. Kareri understands that the Court is not obligated to follow any recommendation of the government at the time of sentencing and that the final decision regarding her bond status or detention will be made by the Court at the time of her plea of guilty. The Court's decision in these regards are not grounds for withdrawal from this agreement.

10. **Reservation of Allocution:** The United States reserves allocution, including, among other things, the right: to inform the presentence report writer of any relevant facts; to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of Mrs. Kareri's criminal activities, subject to the provisions of the following paragraph.

11. The United States and Mrs. Kareri hereby agree that since Mrs. Kareri has agreed to cooperate with the United States, information provided by Mrs. Kareri shall not be held against her, except as follows (see Sentencing Guidelines Section 1B1.8):

    a.    information that was known to the United States prior to the date this plea agreement was agreed to by Mrs. Kareri;

    b.    in a prosecution for perjury or giving a false statement pursuant to this agreement; and,

    c.    if there is a breach of this agreement by Mrs. Kareri, as determined under the provisions of this agreement. In the event of such a breach, the

United States retains the right to use any information provided by Mrs. Kareri to impeach her at any subsequent proceeding.

12. If in this plea agreement the Government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the Government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

13. **Breach of Agreement:** If Mrs. Kareri fails to make a complete, truthful, and candid disclosure of information to federal law enforcement officers, government attorneys, and grand juries conducting this investigation, or to the Court, and/or if he commits any further crimes, or attempts to withdraw the plea, the United States will have the right to characterize such conduct as a breach of this plea agreement. If during this investigation or prosecution Mrs. Kareri should commit perjury, knowingly give any false statement, commit any act of contempt, or obstruct justice, the United States may prosecute her for these offenses to the fullest extent provided by law. In the event of a breach, (a) the United States will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Mrs. Kareri release (for example, should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's offense level or justify an upward departure - examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court - the Government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Mrs. Kareri will not have the right to withdraw the guilty plea; (c) Mrs. Kareri shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against Mrs. Kareri, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by her pursuant to this cooperation agreement. Mrs. Kareri waives any right to claim that evidence presented in such prosecution is tainted by virtue of the statements he has made.

14. In the event of a dispute as to whether Mrs. Kareri has knowingly given materially false, incomplete or misleading information in fulfilling the terms of her cooperation agreement or whether Mrs. Kareri has knowingly committed any other material breach of this agreement, and if the United States wants to exercise its rights under this agreement, and if Mrs. Kareri so requests, the matter shall be submitted to the Court and shall be determined by the Court in an appropriate proceeding at which Mrs. Kareri's disclosures and documents shall be admissible and at which time the United States shall have the burden to establish the same by a preponderance of the evidence.

15. Any such prosecutions of the defendant not time-barred by the applicable statute of limitations on the date of the signing of this agreement may be commenced against the defendant in accordance with this paragraph, notwithstanding the running of the applicable statute of limitations before the commencement of such prosecutions. Mrs. Kareri knowingly and voluntarily agrees to

waive any and all defenses based on the statute of limitations for any prosecutions commenced pursuant to the provisions of this paragraph.

16.  **Presence of Counsel:** At all briefing and interviewing sessions conducted by investigators and/or attorneys for the government, Mrs. Kareri shall be entitled to the presence, advice, and assistance of counsel, unless waived.

17.  **USAO's Criminal Division Bound:** Mrs. Kareri understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office, any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Mrs. Kareri.

18.  **Complete Agreement:** No other agreements, promises, understandings or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mrs. Kareri, Mrs. Kareri's counsel and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Mrs. Kareri may indicate her assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Mrs. Kareri and her counsel.

Sincerely yours,

*[signature]*
KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By:  *[signature]*
STEVEN J. DURHAM
Assistant United States Attorney

I have read this plea agreement and have discussed it with my attorney, Nina Ginsberg, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 08/08/05

Ndeye Nene Fall Kareri
Defendant

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: Aug 8, 2005

Nina Ginsberg, Esquire
Attorney for the Defendant