UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** : | : | Criminal No. 05-212-02 (RMU) |
| v. | : | |
| **NDEYE NENE FALL KARERI,** | : | **UNDER SEAL** |
| **Defendant.** | : | |

**GOVERNMENT'S MOTION TO SEAL THE PLEA
AGREEMENT AND OTHER PLEADINGS, RECORDS,
PROCEEDINGS AND FILES, AND TO DELAY ENTRY ON
THE PUBLIC DOCKET OF THE FILING OF THIS
MOTION TO SEAL AND ALL RELATED MATTERS**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits this motion to seal the accompanying plea agreement and proffer, as well as all existing and future pleadings (save the indictment itself), proceedings, records and files in this case, including the instant motion to seal, and to delay entry on the public docket of this motion to seal any and all related matters. In support of this motion, the government states as follows:

The defendant in this case has agreed to enter a plea of guilty to multiple counts of the indictment. The sealing is necessary because the plea agreement, proffer and related pleadings contain sensitive information, and disclosure of which would not be in the interest of the defendant, the government, or the public.

As part of her plea agreement, the defendant has agreed to cooperate with the government. Accordingly, it is essential that any information concerning the fact of her pleading guilty be kept sealed for the time being.

Based on the nature of the ongoing criminal investigation, the government submits that public disclosure of the defendant's cooperation would likely compromise this ongoing criminal investigation by (1) placing the personal safety of the cooperating defendant, undercover agents, other law enforcement officials and innocent third parties at possible risk; (2) alerting potential targets of the investigation, thereby causing the cooperating defendant to be reluctant to continue her cooperation; (3) causing prospective witnesses, including the cooperating defendant, to be deterred from testifying or to be less likely to provide truthful testimony to the grand jury; and (4) causing potential witnesses and targets to destroy documents and other evidence.

It is common practice for individuals associated with criminal organizations to check the public record in the Criminal Clerk's office to ascertain whether the government has filed any pleadings under seal in cases against former associates. It is common knowledge to criminal organizations operating in this city that the docketing of a motion to seal a plea agreement or the filing of sealed pleadings in a criminal case signals the fact that the charged defendant has agreed to cooperate with law enforcement. Consequently, public notice of the filing of the sealed pleadings or proceedings, itself, may tend to compromise any ongoing criminal and grand jury investigation and present a risk to the personal safety of cooperating individuals, undercover agents, other law enforcement officials taking part in the covert investigation.

Accordingly, the government submits that these facts present an extraordinary situation and a compelling governmental interest which justify not only the sealing of all pleadings, records, proceedings, and files in this case, but also a delay in the public docketing of the filing of these sealed pleadings and the accompanying order until (1) the risk to the personal safety of cooperating individuals no longer exist; and (2) the government represents that it can continue its criminal

investigation without substantial risk that it would be jeopardized due to the public docketing of the fact that sealed pleadings have been filed in this case. See Washington Post v. Robinson, 935 F.2d 282, 289 (D.C. Cir. 1991).

Defense counsel, Nina Ginsberg, has been advised of the contents of this motion and has informed the undersigned prosecutor of her support for this motion.

WHEREFORE, it is respectfully requested that this motion be granted.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
D.C. Bar No. 451946

_____
STEVEN J. DURHAM
ASSISTANT UNITED STATES ATTORNEY
Fraud & Public Corruption Section
555 Fourth Street, N.W.
Washington, D.C. 20530
202-514-8316

CERTIFICATE OF SERVICE

I hereby certify that a copy of this motion was served by facsimile on counsel for the defendant, Nina Ginsberg, fax 703-548-3181, on the 5th day of August, 2005.

_____
STEVEN J. DURHAM
ASSISTANT UNITED STATES ATTORNEY

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **Criminal No. 05-212-02 (RMU)** |
| : | |
| **v.** : | |
| : | |
| **NDEYE NENE FALL KARERI,** : | **UNDER SEAL** |
| : | |
| **Defendant.** : | |
| _____ : | |

### ORDER

Based on the representations in the government's motion to seal the accompanying plea agreement, as well as all other pleadings, proceedings, records and files in this case (save the criminal indictment itself), including the instant motion to seal, and to delay entry on the public docket of this motion to seal and all related matters, this Court makes the following:

### FINDINGS OF FACT

Pursuant to the plea agreement in this case, the defendant has agreed to cooperate with the United States in an ongoing criminal/grand jury investigation.

The general public is not aware that the defendant has agreed to cooperate with the United States in this ongoing investigation.

The defendant's cooperation includes the possibility of covert activities which due to the nature of the investigation pose a substantial risk to the personal safety of the defendant, undercover agents and other law enforcement officials.

The public docketing at this time of any notice that the government has filed a motion to seal the plea agreement and other pleadings, records, proceedings and files and to delay entry on the public docket of the filing of this motion to seal, as well as the Order granting such motion will

likely substantially jeopardize an ongoing criminal investigation and place the personal safety of parties involved in the covert investigation at substantial risk.

Based on the representations in the government's motion, and this Court's findings of facts, this Court finds that there is a compelling governmental interest in sealing the existing and future pleadings, records and files in this case and that an extraordinary situation exists which justifies a delay in the public docketing of any notice that the government's motion and this Order have been filed with the Criminal Clerk's office under seal.

Based on the above, it is this _____ day of August 2005 hereby

ORDERED that this Order, and the attached government motion to seal the plea agreement and other pleadings, recordings, proceedings, and files and to delay entry on the public docket of the filing of this motion to seal with exhibits shall be filed under seal in the Criminal Clerk's office until further order of this Court.

It is further

ORDERED that the plea agreement, all proceedings and all existing and future pleadings (save the criminal indictment itself), records and files in this case 05-212-02 shall be placed under seal by the Criminal Clerk's office until further order of this Court.

It is further

ORDERED that the Criminal Clerk's office shall not make any entry on the public docket in this case of the plea agreement, the government's motion to seal and the Order granting such motion, and other pleadings filed under seal in this case until further order of this Court.

It is further

ORDERED that notwithstanding the other provisions of this ORDER, the government shall be permitted to request a transcript of the plea proceedings in this case, the Court Reporter shall be

permitted to prepare such a transcript and provide it to the government, and there may be a limited lifting of this sealing order to allow the government to comply with noticing and publishing requirements to effectuate any order of forfeiture that may be filed as part of this case, or to comply with its discovery, Giglio and Brady obligations in any pending criminal case in which the defendant herein may be called as a witness.

It is further

ORDERED, that the government notify the Court as soon as the need for sealing no longer exists.

_____
RICARDO M. URBINA
United States District Judge
for the District of Columbia