UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA : | Criminal No.  05-212-01-02  (RMU) | |
| : | | |
| v. : | | |
| : | | |
| SIMON P. KARERI & : | | |
| NDEYE NENE FALL KARERI, : | **UNDER SEAL** | |
| : | | |
| Defendant. : | | |
| _____ : | | |

**GOVERNMENT'S STATEMENT OF STATUS OF CASE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, provides the following information concerning the status of this matter.

1. Defendants both entered guilty pleas pursuant to plea agreements before the Court on August 8, 2005.  By joint motion of the parties, the matters were sealed.  At the request of the parties, the Court did not set a date for sentencing but set December 5, 2005, as a continued control/status hearing.  On December 5, 2005, the government provided the Court with an updated status of the cases and requested a continued status/control date which is set for March 9, 2006, at 1:45 p.m.

2. The plea agreements require defendants to cooperate with the United States in its ongoing criminal investigation.  Both defendants are fully in compliance with this requirement.  The government has now had a sufficient opportunity to evaluate the cooperation provided by both defendants.  Accordingly, the parties jointly request that the Court set a date for sentencing in both matters.

3. Defendant Simon Kareri has been held without bond at the D.C. Jail in this matter since his arrest on May 24, 2005.  Defendant Simon Kareri remains in full compliance with the terms of

his plea agreement including his obligation to cooperate with the government's ongoing investigation.

4. The government does not now oppose defendant Simon Kareri's request for release on conditions pending his sentencing and designation by the Bureau of Prisons.[1] We believe that there are now conditions of release – <u>i.e.</u>, electronic monitoring, home detention, and daily reporting requirements – that the Court can fashion that will assure defendant's return to court and the safety of the community.

5. Both defendants have cooperated fully in returning the proceeds to the United States which are the subject of the government's seizure action. These proceeds have in fact been repatriated from overseas and have been deposited in the Court's registry.[2]

          Respectfully submitted,
          KENNETH L. WAINSTEIN
          UNITED STATES ATTORNEY
          D.C. Bar No. 451058

          _____
          STEVEN J. DURHAM
          ASSISTANT UNITED STATES ATTORNEY
          Fraud & Public Corruption Section
          555 Fourth Street, N.W.
          Washington, D.C. 20530
          202-514-8316

---

[1] Under the plea agreement, there is a high probability that, although defendant Simon Kareri will be credited with the almost 10 months he has already served in prison, he will face additional time when he is sentenced by the Court.

[2] Both defendants are contesting the forfeiture of these proceeds and accordingly, have a strong interest in remaining in compliance with any conditions of release the Court may impose.

CERTIFICATE OF SERVICE

    I hereby certify that a copy of this document was served by facsimile on counsel for the defendant, Jonathan Shapiro, Esq. (attorney for Simon Kareri), fax 703-548-3181, and Nina Ginsberg, Esq. (attorney for Ndeye Nene Fall Kareri), fax 703-548-3181, on the 6th day of March, 2006.

_____
STEVEN J. DURHAM
ASSISTANT UNITED STATES ATTORNEY