UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 05-212-02 (RMU) |
| | ) | |
| | ) | |
| NDEYE NENE FALL KARERI | ) | **UNDER SEAL** |
| | ) | |
| Defendant. | ) | Sentencing Date: November 16, 2006 |

**DEFENDANT'S POSITION WITH RESPECT TO SENTENCING FACTORS
AND MEMORANDUM IN AID OF SENTENCING**

The defendant, Ndeye Nene Fall Kareri, by counsel, submits this position with respect to sentencing factors and memorandum in aid of sentencing.

I.    Background

On August 8, 2005, defendant Ndeye Nene Fall Kareri pleaded guilty to seven counts of the indictment charging conspiracy, bank fraud, money laundering and conspiracy to defraud the IRS. She also pleaded guilty to impairing the in rem jurisdiction of the Court. The charges stem from her efforts to assist her husband, Simon Kareri, a former Senior Vice President in Riggs Bank's International Banking division, in activities related to his position at the bank and efforts to liquidate real property that was the subject of a related forfeiture proceeding. The Kareris' conduct, and their respective roles, is described in great detail in the Presentence Report and the Government's Motion for Downward Departure and Memorandum in Aid of Sentencing.

II.   Sentencing Factors

1

Pursuant to the plea agreement, the parties agreed that the total adjusted offense level for the defendant is 15, with an advisory guideline range of 18 to 24 months. The probation officer concurred with this calculation. The probation officer also found that the defendant meets the requirements for a downward departure for aberrant behavior pursuant to USSG § 5K2.20(b) and that the prohibitions set forth in USSG § 5K2.20(c)(1)-(4) do not apply (PSR, para.97). The United States disagrees but has moved for a four level downward departure pursuant to USSG § 5K1.1, based upon the defendant's willingness and ability to persuade her husband, Simon Kareri, to plead guilty and to cooperate with the government, and her agreement to testify against him if necessary. The defendant also assisted the government's efforts to repatriate approximately $1,000,000 in funds subject to a civil forfeiture proceeding that the Kareris deposited in an overseas account.

The government correctly states that a four level downward departure to an offense level 11 would place the defendant in Zone C with a sentencing range of 8 to 14 months which can be served as a split sentence. (Gov't Mem. at 7). Subsequent to filing the Motion for Downward Departure, Assistant United States Attorney Steven Durham authorized defense counsel to represent to the Court that the government did not intend to seek a sentence that requires the defendant to serve any additional time in jail.[1]

Whether the defendant's offense conduct was of a sufficiently limited duration to meet the requirements of USSG § 5K2.20(b) for aberrant behavior, the defendant's conduct does represent a marked deviation from an otherwise law-abiding life that was strongly influenced by

---

[1] The defendant served a total of 75 days before being released on a personal recognizance bond.

Simon. Kareri's actions and his assurances to her that their conduct was legal.

     Mrs. Kareri enjoys the support of a large number of people even in light of her early admissions of wrongdoing. Those people all know Mrs. Kareri as uninvolved in her husband's banking affairs and devoted to family and friends in every manner of being. Her family responsibilities include shouldering the financial and emotional burden of raising her children. At the time of the Kareris' arrest and detention, their three children were cared for by Mrs. Kareri's 22 year old goddaughter with a great deal of assistance from family members and friends. Extended family members provided loans to make mortgage payments and put food on the table. These individuals continue to provide the Kareris with the financial assistance they need to maintain their home. Should Mr. and Mrs. Kareri both be incarcerated, the children will again be without parents or a source of support . Mrs. Kareri's goddaughter may even be required to leave college so that the children will be able to remain together. The devotion and sacrifice exhibited by each of these individuals can only be the result of the extraordinary ways in which the Kareris have contributed to their lives.

     In quickly deciding to enter guilty pleas and cooperate with the government, Mrs. Kareri demonstrated her willingness to sacrifice herself and her marriage for the sake of her children. She has suffered the humiliation of a jail cell and speaks only of the strength and humility she gained from the women she met behind bars. Her words and actions are a clear indication of a worthy individual who for a short period permitted her emotions to overtake a lifetime of good judgment and commitment to the welfare of others.

     Given the overall circumstances of defendant's crimes and her unremitting remorse, a sentence that does not require the service of additional jail time is sufficient to meet the purposes

of sentencing set forth in 18 USC § 3553(a).

III.   Restitution

The defendant does not dispute that she is jointly and severally liable for restitution to the IRS for taxes and penalties and defers to the Court's determination of the dispute between the government and Simon Kareri as to the correct amount.

WHEREFORE, the defendant requests this Court impose a sentence of no more than 150 days which can be served as a split sentence and give her credit for 75 days time served.

                Respectfully submitted,

                NDEYE NENE FALL KARERI
                By Counsel

_/s/_____
NINA J. GINSBERG, VSB #19472
DiMuroGinsberg, P.C.
908 King Street, Suite 200
Alexandria, VA 22314
703-684-4333
703-548-3181 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was mailed, postage prepaid and faxed to Steven T. Durham, Assistant United States Attorney, 555 4th Street, NW, Room 5253, Washington, DC 20530, fax: 202-307-3228, this 9th day of November, 2006.

                _/s/_____
                Nina J. Ginsberg