UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 05-212-01, 02 (RMU) |
| : | |
| SIMON P. KARERI & : | |
| NDEYE NENE FALL KARERI, : | (UNDER SEAL) |
| : | |
| Defendants. : | |
| : | |

**FILED**

NOV 1 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### CONSENT ORDER OF FORFEITURE

WHEREAS, written plea agreements were filed with this Court and signed by defendants SIMON P. KARERI and his counsel, Jonathan Shapiro, Esquire, and NDEYE NENE FALL KARERI and her counsel, Nina Ginsberg, Esquire, in which both defendants agreed to plead guilty to felony violations, including Conspiracy to Commit Bank and Wire Fraud, in violation of Title 18, United States Code, Sections 371 and 1343 and 1344;

WHEREAS, the Indictment also alleged the forfeiture of certain property, which property is subject to forfeiture, pursuant to Title 18, United States Code, Section 982(a)(2), as property constituting or derived from proceeds obtained from the commission of the offenses set forth above;

WHEREAS, the defendants have expressly agreed and consented to the entry of an Order of Forfeiture in the form of a money judgment, under Fed. R. Crim. P. 32.2(b)(2), which concerns property subject to forfeiture, pursuant to Title 18, United States Code, Sections 982(a)(2), as property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of the commission of Conspiracy to Commit Bank and Wire Fraud; and

WHEREAS, this Court has determined, based on the evidence set forth during the

defendants' guilty pleas, that the "Subject Property" is subject to forfeiture pursuant to Title18, United States Code, Sections 982(a)(2) and that the Government has established the requisite nexus between such property and violations of Title 18, United States Code, Sections 371 and 1341 and 1344;

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. That the following property is declared forfeited to the United States, pursuant to Title18, United States Code, Sections 982(a)(2):

> Money Judgement:
>
> $631,021.24, which represents a sum of money equal to an amount of money that constitutes, or is derived from, proceeds obtained, directly or indirectly, as the result of Conspiracy to Commit Bank and Wire Fraud, in violation of 18 U.S.C. §§ 371 and 1344 and 1343.

2. In order to satisfy the above-described money judgment, the Clerk of the Court shall pay over to the United States Marshals Service $631,021.24 of the funds on deposit with the Court that are currently held in the registry of the Court.[1]

3. The United States may publish notice of the Order and its intent to dispose of the Subject Property in such a manner as the Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property. No such notice is required to the extent that this

---

[1] These monies are designated for forfeiture in civil case 04-1525, a civil forfeiture action presently pending before this Court. It is understood that this Order does not govern the disposition of any remaining assets at issue in civil case 04-1525. The parties remain free to take whatever litigation positions they feel are justified with respect to the remaining funds that are designated for forfeiture.

Order consists solely of a money judgment against the defendant. Rule 32.2(c)(1). Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the Preliminary Order of Forfeiture, pursuant to 18 U.S.C. § 2253.

4. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

5. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

6. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 18 U.S.C. § 2253 for the filing of third party petitions.

7. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Consent Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e), and the United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed $631,021.24 to satisfy the money judgment, in whole or in part;

9. The Clerk of the Court shall forward four certified copies of this Order to Assistant United States Attorney William Cowden, Chief, Asset Forfeiture Section, United States Attorney's Office, 555 Fourth Street, NW, Washington, D.C. 20530.

Dated this __16__ day of November, 2006.

_____
RICARDO M. URBINA
United States District Judge

WE ASK FOR THIS:

JEFFREY A. TAYLOR. (DC Bar. No. 498610)
UNITED STATES ATTORNEY

By: _____
STEVEN J. DURHAM
Assistant United States Attorney
Fraud & Public Corruption Section
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-8316

_____
SIMON P. KARERI
Defendant

_____
NDEYE NENE FALL KARERI
Defendant

_____
JONATHAN SHAPIRO, ESQUIRE
Counsel for Defendant Simon Kareri

_____
NINA GINSBERG, ESQUIRE
Counsel for Defendant Fall Kareri